UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

ARGO FRANCMANIS,

               Plaintiff,

   -against-

NYC HOUSING AUTHORITY,

               Defendant.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
05-CV- 5218 (CBA)

AMON, United States District Judge:

Plaintiff, proceeding *pro se*, brings this action alleging the violation of his civil rights. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, denies plaintiff's request for appointment of counsel without prejudice, and directs plaintiff to submit an amended complaint within 60 days of the date of this order as detailed below.

Background

Although unclear, plaintiff alleges that his tenancy from the Marlboro Houses, a public housing development run by the New York City Housing Authority ("NYCHA") was terminated, and he was evicted. Complaint at 1. The documents plaintiff annexes to his complaint indicate that NYCHA found that plaintiff was an undesirable tenant in that: (1) he allowed unauthorized occupants in his apartment, (2) he violated a five-year period of probation imposed on his tenancy, and (3) that plaintiff and/or occupants of his apartment breached the rules and regulations of NYCHA. See Notice dated January 4, 2000, from New York City Law Department, annexed to plaintiff's complaint. In addition, plaintiff alleges that the police broke into his apartment. Complaint at 5. Plaintiff seeks monetary damages and a free apartment.

1

Standard of Review

The Court construes plaintiff's pleadings liberally particularly because they allege civil rights violations. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over this action. See e.g., Rene v. Citibank NA, 32 F.Supp.2d 539, 541–42 (E.D.N.Y. 1999) (dismissing *pro se* plaintiff's complaint for lack of subject matter jurisdiction). Further, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." See Livingston v. Adirondack Beverage Co., 141 F.3d 434, 436–38 (2d Cir. 1998).

Discussion

Eviction Claim

This Court lacks subject matter jurisdiction over plaintiff's eviction claim pursuant to Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482–86 (1983) (Rooker-Feldman doctrine). The Supreme Court recently stated in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. ----, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), that the Rooker-Feldman doctrine precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 1521–22.

Therefore, to the extent plaintiff brings the instant complaint as a means to challenge the order of the state court regarding his eviction, this Court lacks jurisdiction to grant plaintiff the relief he seeks. See <u>Cobbs v. Chase Manhattan Mortg. Corp.</u>, No. 05-CV-4060, 2005 WL 2065226 (E.D.N.Y. Aug 25, 2005) (court lacks subject matter jurisdiction over eviction); <u>Trang v. Concris Realty Co.</u>, No. 05 CV 5441, 2005 WL 1398004 (E.D.N.Y. June 14, 2005) (same); <u>McAllan v. Malatzky</u>, No. 97 CV 8291, 1998 WL 24369, at *2-3 (S.D.N.Y. Jan. 22, 1998) (no subject matter jurisdiction where plaintiff attempted to recloak his charges regarding a state housing court matter as a violation of his constitutional rights); <u>DiNapoli v. DiNapoli</u>, No. 95 Civ.7822, 1995 WL 555740, at *1 (S.D.N.Y. Sept. 19, 1995) (federal courts do not have subject matter jurisdiction over landlord-tenant matters). A review of plaintiff's claims here would necessitate a review of the state court's eviction order. Thus, plaintiff's claims are "inextricably intertwined" with the housing court decision and this Court lacks subject matter jurisdiction to review plaintiff's eviction claim under the <u>Rooker-Feldman</u> doctrine.

<u>Fourth Amendment Claim</u>

The Fourth Amendment protects individuals against unreasonable searches and seizures by the government. The police may not enter a private residence and arrest a person residing there without either: (1) a warrant; or (2) the existence of both probable cause and an exception to the warrant requirement. <u>Kyllo v. United States</u>, 533 U.S. 27, 31 (2001); <u>Anthony v. City of New York</u>, 339 F.3d 129, 135 (2d Cir. 2003); <u>Dzinanka v. County of Suffolk</u>, 932 F.Supp. 59, 62 (E.D.N.Y. 1996). It is well settled that warrantless entries into the home to make a search, seizure, or arrest are "presumptively unreasonable." <u>Payton v. New York</u>, 445 U.S. 573, 586 (1980); <u>United States v. Fields</u>, 113 F.3d 313, 322-23 (2d Cir. 1997); <u>United States v. McDonald</u>,

916 F.2d 766 (2d Cir. 1990). However, "the warrant requirement must yield in those situations where exigent circumstances demand that law enforcement agents act without delay." McDonald, 916 F.2d at 768 (citing Warden v. Hayden, 387 U.S. 294, 298-99 (1967)). Here, plaintiff fails to allege sufficient facts regarding this claim. Accordingly, leave to amend this claim is granted.

### Conclusion

Plaintiff's eviction claim against the New York City Housing Authority is dismissed for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. Fed. R. Civ. P. 12 (h)(3). To the extent that plaintiff alleges that unidentified members of the New York City Police Department violated his Fourth Amendment rights when they "broke into [his] apartment," plaintiff is granted leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (if a liberal reading of a *pro se* complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint (quotation marks omitted)); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

Therefore, plaintiff is given sixty (60) days leave from the date of this Order to file an amended complaint. Plaintiff's amended complaint must state the date that he alleges the police unlawfully entered his home, and what happened after they entered his home. In addition, plaintiff must also identify, as best he can, the individual defendant(s) who were personally involved in the events that he claims violated his rights. Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983). If plaintiff does not know the true identity of an individual defendant, he must provide as much detail as possible, including a physical description of each defendant, whether the defendant was a

man or a woman, what position or job each defendant held, so that the defendant may be identified. Plaintiff shall name the defendants in the caption of his complaint. Plaintiff is responsible for identifying defendants and serving them with process within the three year statute of limitations period. Soto v. Brooklyn Correctional Facility, 80 F.3d 34, 35 (2d Cir. 1996).

Plaintiff is advised that any amended complaint he files will completely replace the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number of this Order. No summons shall issue at this time and all further proceedings shall be stayed for sixty (60) days. If plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

CAROL B. AMON  
United States District Judge

Dated: Brooklyn, New York  
       November 10, 2005