UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ARGO FRANCMANIS,

                Plaintiff,

    -against-

NYC HOUSING AUTHORITY,

                Defendant.
----------------------------------------------------------------x

MEMORANDUM
AND ORDER
05-CV- 5218 (CBA)

AMON, United States District Judge:

Plaintiff, proceeding *pro se*, brings this action alleging the violation of his civil rights. By order dated November 10, 2005, this Court granted plaintiff's request to proceed *in forma pauperis* and directed plaintiff to file an amended complaint within 60 days. For the reasons discussed below, plaintiff's amended complaint and renewed request for appointment of counsel are hereby dismissed.

## Background

Plaintiff's original complaint, although unclear, alleged that his tenancy from the Marlboro Houses, a public housing development run by the New York City housing Authority ("NYCHA") was terminated. In addition, plaintiff alleged that unidentified members of the New York City Police Department broke into his apartment. By order dated November 10, 2005, this Court dismissed plaintiff's eviction claim against the New York City Housing Authority pursuant to the Rooker-Feldman doctrine. However, in light of plaintiff's *pro se* status and potential Fourth Amendment claim plaintiff was granted leave to amend his complaint.

Plaintiff was directed to include in his amended complaint, the date that he alleges the police unlawfully entered his home, and what happened after they entered his home. In addition, plaintiff was directed to identify, as best he could, the individual defendant(s) who were personally involved

1

in the events that he claims violated his rights. Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983). Plaintiff was further directed that if he does not know the true identity of an individual defendant, to provide as much detail as possible, including a physical description of each defendant, whether the defendant was a man or a woman, what position or job each defendant held, so that the defendant may be identified.

Plaintiff's amended complaint fails to address any possible Fourth Amendment claim, and simply reiterates the basis for his eviction claim. Plaintiff's amended complaint states:

> I was evicted and put out on the street with the help of false allegations and lies. I am not an educated man. I could not bring the Board of Directors, who decided the eviction, to understand the wrong done to me. The Housing Authority should have assigned an attorney, not to defend me, but to get to the bottom and separate the truth from untruths and lies....

Amended Complaint at 3. In addition, plaintiff annexes documents to his amended complaint from the New York City Housing Authority which all pertain to his eviction. See generally documents annexed to Amended Complaint.

## Discussion

As previously discussed in this Court memorandum and order dated November 10, 2005, this Court lacks subject matter jurisdiction over plaintiff's eviction claim pursuant to Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983) (Rooker-Feldman doctrine).

Although this Court is sympathetic to plaintiff, to the extent he brings the instant complaint and amended complaint as a means to challenge the order of the state court regarding his eviction, this

Court lacks jurisdiction to grant plaintiff the relief he seeks. See Cobbs v. Chase Manhattan Mortg. Corp., No. 05-CV-4060, 2005 WL 2065226 (E.D.N.Y. Aug 25, 2005) (court lacks subject matter jurisdiction over eviction); Trang v. Concris Realty Co., No. 05 CV 5441, 2005 WL 1398004 (E.D.N.Y. June 14, 2005) (same); McAllan v. Malatzky, No. 97 CV 8291, 1998 WL 24369, at *2-3 (S.D.N.Y. Jan. 22, 1998) (no subject matter jurisdiction where plaintiff attempted to recloak his charges regarding a state housing court matter as a violation of his constitutional rights); DiNapoli v. DiNapoli, No. 95 Civ.7822, 1995 WL 555740, at *1 (S.D.N.Y. Sept. 19, 1995) (federal courts do not have subject matter jurisdiction over landlord-tenant matters).

## Conclusion

Accordingly, plaintiff's amended complaint is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
Jan. 26, 2006